UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:21-cr-00035 |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 48] |
| v. | : |  |
| DANIEL MCKINNEY, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Daniel McKinney pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of possession with a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1]

On March 10, 2022, the Court sentenced Defendant McKinney to 84 months of imprisonment on both counts, followed by three years of supervised release.[2] At McKinney's sentencing, the Court found that McKinney had a total offense level of 23 and Criminal History Category IV, giving him a guideline sentencing range of 70-87 months.[3] McKinney received six criminal history points based on prior convictions and received two criminal history points for committing the federal offenses while under supervision.[4]

Defendant McKinney now moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 821.[5] The government does not oppose McKinney's motion.[6]

---

[1] Doc. 19, PageID #: 82.
[2] Doc. 30, PageID #: 30.
[3] Doc. 41, PageID #: 235.
[4] *Id.*
[5] Doc. 48.
[6] *Id.*, PageID #: 274.

Case No. 1:21-cr-00035
GWIN, J.

For the following reasons, the Court **GRANTS** Defendant McKinney's sentence reduction motion and sentences the Defendant to **60 months.**

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[8] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C. § 3553(a)."[9]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[10] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[11] Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II. DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) changes the assignment of "status points" for criminal history calculations. Status

---

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] 18 U.S.C. § 3582(c)(2).
[9] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[10] *Id.*
[11] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

Case No. 1:21-cr-00035
GWIN, J.

points give additional criminal history points to defendants who commit their crime while still under sanction for an earlier criminal offense. For defendants with seven or more criminal history points, Amendment 821 reduces those defendants' status points to one point.[12] For defendants with six or fewer criminal history points, Amendment 821 reduces those defendants' status points to zero.[13]

At sentencing, Defendant McKinney had six criminal history subtotal points, with two "status points" added.[14] Amendment 821(A) reduces Defendant McKinney's criminal history score from eight to six, and his Criminal History Category from IV to III. McKinney's amended sentencing guideline range is 57 to 71 months. Thus, Defendant McKinney was earlier sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant McKinney's sentence to 60 months. Factors like those applied at McKinney's initial sentencing also apply at this time. Defendant McKinney was pulled over for a traffic violation. The police saw a firearm in plain view; after a search, they also discovered drugs.[15] Prior to the instant offenses, McKinney had a number of prior firearm offenses.[16]

McKinney had a difficult family childhood and spent most of his adult life in prison. Less than a year after his release, McKinney's 18-year-old son was murdered.[17] A month later, his fiancée and newborn child got into a severe car accident.[18]

---

[12] U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023); *see also* https://www.ussc.gov/guidelines/amendment/821.
[13] *Id.*
[14] Doc. 41, PageID #: 235.
[15] *Id.*, PageID #: 243.
[16] *Id.*
[17] *Id.*, PageID #: 240.
[18] *Id.*, PageID #: 242.

Case No. 1:21-cr-00035
GWIN, J.

As a result, the Court finds it should reduce Defendant McKinney's sentence to 60 months, within the amended guideline range of 57 to 71 months.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant McKinney's motion and **REDUCES** Defendant McKinney's sentence to **60 MONTHS.** Except as otherwise provided in this order, all other terms of McKinney's original sentence remain in effect.

IT IS SO ORDERED.

Dated: March 13, 2024        *s/     James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE